IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 0 8 2022

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| SELVA KUMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03779 |
| | § | |
| PANERA BREAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED PETITION

Plaintiff, Selva Kumar, files this Amended Petition against Defendant Panera Bread Company, and respectfully states:

### I.

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.2, discovery is intended to be conducted under Level 2.

### II.

### THE PARTIES

2. Plaintiff, Selva Kumar (hereinafter "Plaintiff" or "Kumar") is and at all relevant times, is an individual who resides in Harris County, Texas.

3. Defendant Panera Bread Company (hereinafter "Defendant" or "Panera") is aforeign Missouricorporation with its principal place of business at 3630 South Geyer Road, Suite 100, St. Louis, Missouri 63127. Defendant may be served through its registered agent, CSC-Lawyers Incorporating Service Company, at 221 Bolivar Street, located in Jefferson City, Missouri 65101.

PLAINTIFF'S AMENDED PETITION – Page 1

## III.

## JURISDICTION AND VENUE

4. Defendant, at all times relevant to this lawsuit, were doing business in Harris County, Texas. Further, all or a substantial part of the acts and/or omissions giving rise to Plaintiff's damages occurred in Harris County, Texas.

5. Plaintiff's damages are within the jurisdictional limits of this Court and are over two hundred thousand dollars ($200,000.00) in damages.

6. This Court has jurisdiction over the entity listed as Defendant because it has conducted business and/or committed torts in a manner to establish contacts necessary for the imposition of the jurisdiction of this Court. This Court has jurisdiction over the subject matter because the damages are within the jurisdictional limits of this court.

7. The Texas Long-Arm Statute allows Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in the state. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). A nonresident defendant's minimum contacts must drive from purposeful availment: a nonresident defendant must have "purposefully availed" itself of the privileges and benefits of conducting business in the foreign jurisdiction to establish sufficient contacts with the forum to confer personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 S. Ct. 2174, 2183-84 (1985)); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 200 (Tex. App. – Houston [1st Dist.] 2007, no pet.). An act or acts "by which the defendant purposefully avails itself of the privilege of conducting activities" in Texas and "thus invoke[es] the benefits and protections" of Texas law, constitutes sufficient contact with Texas to confer personal jurisdiction. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex.

2005) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)). Moreover, Defendant committed torts in Harris County, Texas which caused injuries to Plaintiff for which he now sues.

8. Accordingly, venue is proper in thisHarris County because the facts constituting the causes of action herein occurred in whole or in part in Harris County, Texas.

## IV.

## FACTS

9. Plaintiff, Selva Kumar, is a middle-aged man working as an Associate Consultant (IT/Finance Project Manager) for fortune 500 corporate clients living in Houston, Texas.

10. Plaintiff grew up as a staunch and unfaltering follower of the Hinduism religion. He also grew up as a devout vegetarian. He continues that lifestyle even today. Vegetarianism is an important part of the Plaintiff's routine and defines him as a person, a Hindu practitioner.

11. Plaintiff has maintained this lifestyle, including but not limited to, his vegetarian status for religious and personal reasons all of his life.

12. The majority of Hindus are lactose vegetarian. In other words, they avoid meat and eggs in their diet. Moreover, beef is always avoided because the cow is considered a sacred and holy animal. Nevertheless, diary products are consumed. Finally, animal derived fats such as lard and drippings are not permitted.

13. As you know, vegetarianism is the practice of abstaining from the consumption of meat (red meat, poultry, seafood, and the flesh of any other animal) and may also include abstention from by-products of animal slaughter.

14. Vegetarianism may be adopted for various reasons. Many people object to eating meat out of respect for sentient life. Such ethical motivations have been codified under various religious beliefs (such in the Plaintiff's case), as well as animal rights advocacy. Other motivations for vegetarianism may be health-related, political, environmental, cultural, asethetic, economic, or personal preference.

15. Accidentially consuming meat for a vegetarian is upsetting on several levels. Specifically, many vegetarian's describe their experience of accidentially eating meat as traumatizing and something that "poisoned them for life".

16. The Plaintiff eats out often and constantly asks if they make french fries in separate or different oil and several other quetions regarding their cooking processes. Pursuant to religious beliefs as explained above, Plaintiff must not consume any oils used in the same vats as meats.

17. This is not an unusual practice for those religiously following Hinduism.

18. Plaintiff only orders from "eating establishments" only if he can avoid any traces of meat in any form.

19. Plaintiff has enjoyed frequenting Panera Bread eating establishments in various states and cities for many years.

20. Generally speaking, Plaintiff typically orders coffee; however, on various occassions soup and/or a sandwich.

21. The Panera Bread Company is an American chain store specializing in bakery items with over two thousand (2,000) locations, all of which are located in the United States

and Canada. They also include other items such as: pasta, salads, sandwiches, soups and speciality drinks.

22. The Panara Bread Company has eleven (11) locations in the Houston, Texas area.

23. On or about January 23, 2021, as usual, Plaintiff dined at the Panera Bread location at 13704 Northwest Freeway in Harris County, Houston, Texas.

24. Specifically, each time the Plaintiff orders soup from this location he inquires if it is made with any chicken broth or meat is added to the broccoli-cheddar soup. Each time the answer is an emphatic and resounding, "No".

25. Moreover, Plaintiff also asks the merchant if the soup is made fresh dialy. Each time the answer is an emphatic and resounding, "Yes".

26. The truth of the matter is that this contention is false and patrons of Panera Bread are being frauduantly induced into purchasing their products.

## V.

### FIRST CAUSE OF ACTION - NEGLIGENCE

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 as though fully restated and set forth herein.

28. Pursuant to Texas law, failing to exercise the degree of care expected of someone in order to minimize the risk of harm to another is considered, "negligence", which is the legal basis for many personal injury cases in today's society.

29. Defendant owed a duty to Plaintiff to act reasonably and perform their responsibilities in such a way as to protect their patrons from injury.

30. Defendant breached their duties by: (1) failing to disclose important information about their food products; and (2) failing to oversee all activities in such a way as to be honest and prevent potential injuries to their clientele.

31. Even though Plaintiff stated that he could not eat meat products because of his religious beliefs, Defendant willfully and with malicious intent served his food products anyway containing meat by-products.

32. Plaintiff's claims against the Defendant include all of what has previously been mentioned.

33. Additionally, Plaintiff files this claim due to the negligent acts and/or omissions of the Defendant which include, but which are not necessarily limited to, one of more of the following:

(a) making representations and/or failing to inform (failure to warn) Plaintiff regarding the food content;

(b) negligent in the food preparation;

(c) negligent in supervision;

(d) negligent in quality control;

(e) negligent in failing to properly inspect the food product.

34. The injuries resulted from the gross negligence, malice, and/or unconscionable conduct of the Defendant, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)

35. The facts at trial will further prove fraud and/or deception on the part of the Defendant.

**PLAINTIFF'S AMENDED PETITION – Page 6**

36. The Defendant engaged in an unconscionable action or course of action that took advantage of the lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

37. Plaintiff also states that the Defendant was negligent, grossly negligent, and/or violated Texas' DTPA.

38. Defendant failed to ensure that the food product Plaintiff ordered did not contain meat or meat by-products.

39. Defendant is responsible for the conduct, acts, and/or omissions of their employees under the doctrine of respondeat superior.

40. The Plaintiff's injuries resulted from the gross negligence, malice, or unconscionable conduct of the Defendant, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

41. In the alternative and/or in addition to other counts, Defendant has violated the Deceptive Trade Practices—Consumer Protection Act and Plaintiff seeks to recover treble damages and court costs under the DTPA.

42. Plaintiff was a "consumer".

43. The conduct, as described herein and otherwise, constituted "false, misleading, or deceptive" acts or practices. Each such act or practice was a producing cause of economic damages and damages for mental anguish to the Plaintiff.

44. In the event the acts or practices were committed knowingly by the Defendant, Plaintiff is also entitled to recover up to three times the amount of economic damages.

45. In the event the acts or practices were committed intentionally, Plaintiff is entitled to recover up to three times the amount of economic damages and damages for mental anguish.

46.     Plaintiff is also entitled to recover reasonable and necessary attorneys' fees and court costs.

47.     Defendant violated the DTPA when engaged in false, misleading, and/or deceptive acts or practices.

48.     Defendant engaged in an unconscionable action or course of action that took advantage of the lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

49.     The wrongful conduct of Defendant was a producing cause of damages to Plaintiff.

50.     After materials are produced in discovery and after Defendant has been deposed, additional allegations may come to light, and Plaintiff reserves the right to amend his pleadings.

51.     Defendant's breach of duty was the proximate cause of Plaintiff's injuries.

52.     Plaintiff has had to undergo extensive psychological and medical examination due to the Defendant's negligence.

53.     Plaintiff's medical and psychological damages are continuing at this time.

## VI.

### SECOND CAUSE OF ACTION – GROSS NEGLIGENCE

54.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 53 as though fully restated and set forth herein.

55.     Defendant's conduct constitutes an extreme departure from the ordinary standard of conduct and care. Such outrageous lack of care represents an extreme departure from the ordinary standard of conduct, in similar circumstances and in the context to the situation.

56. This <u>grossly</u> negligent conduct resulted in the Plaintiff's damages. As a direct and proximate result of Defendant's <u>grossly</u> negligent conduct, Plaintiff unintentionally violated his religious beliefs.

57. Therefore, Plaintiff is entitled to recover compensatory damages in an amount three (3) times the actual damages according to the proof therein.

58. In as much, the Defendant's actions were premeditated and exhibited a conscious disregard of Plaintiff's safety, rights and religious beliefs.

59. As alleged herein, Defendant was guilty of <u>gross</u> negligence, oppression, fraud, breaching the warranties (both implied and expressed), and Plaintiff should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendant, in an amount according to proof therein.

## VII.

### THIRD CAUSE OF ACTION – MISREPRESENTATION AND DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

60. Plaintiff incorporates the allegations set forth in paragraphs 1 through 59 as though fully restated and set forth herein.

61. The Texas Deceptive Trade Practices Act (hereinafter "DTPA") protects consumers from false, misleading, and deceptive statements or business practices.

62. It is undisputed that Defendant falsely and fraudulently misled the Plaintiff by the statements of its employees regarding the meal ingredients and freshness of their products.

63. It is also evident that those misleading and false statements were the proximate cause of Plaintiff's damages.

64. Therefore, as a result of Plaintiff's reliance on the truth of those representations, the Plaintiff has sustained, and continues to sustain, damages in an amount according to proof therein.

## VIII.

### FORTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff incorporates the allegations set forth in paragraphs 1 through 64 as though fully restated and set forth herein.

66. Plaintiff claims that the clear and convincing evidence by the Defendant shows the conduct was intentional and reckless.

67. Further, the conduct and wrongful act(s) were outrageous and caused emotional distress to the Plaintiff, and the emotional distress is severe in nature.

68. In fact, the Plaintiff feels that he has been "poisoned" and has ultimately failed in his religious beliefs.

69. Therefore, as a result of the Defendant's recklessness, Plaintiff has sustained damages and continues to sustain damages in an amount according to proof therein.

## IX.

### PUNITITIVE DAMAGES

70. Plaintiff incorporates the allegations set forth in paragraphs 1 through 69 as though fully restated and set forth herein.

71. Plaintiff has gone through mental stress and hardships because of the Defendant's actions as explained herein.

72. Plaintiff has been to his doctor and is now receiving medical treatments and intervention for this event and continuing "nightmares".

73. Defendant's conduct and omissions can and should be characterized as that of intentional infliction of emotional distress, negligence and misrepresentation, all to the detriment of the Plaintiff.

74. Defendant knew that Plaintiff would likely suffer due to those acts and omissions.

75. Defendant expressed a "willful intent" to proceed despite the consequences to the Plaintiff.

76. As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against Plaintiff, Plaintiff is entitled to punitive damages. Plaintiff is entitled to exemplary damages under Texas law in excess of the minimum jurisdictional limits of this court.

## X.

### REQUESTS FOR DISCLOSURE

77. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within thirty (30) days of service of this request, the information and materials described in Rule 194.2 of the above Rules. The Plaintiff specifically requests that responding party to produce the required documents and materials and deliver them to the address of the Plaintiff by U.S. Mail or other verifiable delivery with the time limitations above.

## XI.

## JURY DEMAND

78. Plaintiff demands that this court empanel a lawful jury to hear this case.

## XII.

## REPORTER'S DEMAND

79. Plaintiff requests the Official Court Reporter for this Court, perform all the duties of the office, as set forth in Section 52.046 of the Government Code of the State of Texas, and as set forth in Rule 13 of the Rules of Appellate Procedure, including reporting all testimony and trial proceedings, voir dire examinations and jury arguments.

## XIII.

## RESERVATION OF RIGHTS

80. Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this pleading as necessary.

81. All conditions precedent has been performed or have occurred. The damages and remedies sought are within the court's jurisdiction.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Honorable Court to award Plaintiff the following:

A. Actual damages;

B. Consequential damages;

C. Exemplary and Punitive damages;

D. Reasonable and necessary attorney's fees;

E. Costs of Court;

F. Pre-judgment interest as allowed by law;

G. Post-judgment interest as allowed by law;

H. All relief at law and in equity to which Plaintiff may show justly entitled.

Respectfully submitted,

*Selva Kumar*

**Selva Kumar,** *Pro Se*
P.O. Box 41141
Houston, Texas 77241
Telephone: (979)-465-5515
Email: Selva_indeed@outlook.com

Dec 06 2022
Houston, TX

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's amended petition was delivered timely to Defendant's counsel, via email, pursuant to the Federal Rules of Civil Procedure.

**David A. McFarland, Esq.**          *(Attorney for Defendant)*
Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Email: dmcfarland@thompsoncoe.com

**Kristie L. Walsdorf, Esq.**          *(Attorney for Defendant)*
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Email: dwalsdorf@thompsoncoe.com

*Selva Kumar*
SELVA KUMAR