United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELVA KUMAR, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-03779 |
| | § | |
| PANERA BREAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is a Motion to Dismiss filed by Defendant Panera Bread Company ("Panera"). Dkt. 20. Having considered the motion, the response, Plaintiff's Amended Petition (the operative pleading), and the applicable law, I find that the motion to dismiss should be **GRANTED**, and all other pending motions (*see* Dkts. 25, 27, 28) **DENIED AS MOOT**.

## BACKGROUND

Pro se[1] Plaintiff Selva Kumar ("Kumar")—a devout Hindu and vegetarian—filed this lawsuit in the 269th Judicial District Court of Harris County against Panera, alleging negligence, gross negligence, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and intentional infliction of emotional distress. Panera removed the case to this court on November 18, 2021, on the basis of diversity jurisdiction. Kumar filed an Amended Petition ("Amended Complaint") on December 8, 2022. Dkt. 18. The Amended Complaint is the operative pleading. Panera moves to dismiss Kumar's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1] When this action was removed, Kumar was proceeding pro se. At the initial scheduling conference on May 31, 2022, Kumar appeared before me pro se. On July 1, 2022, at a hearing on Panera's motion to compel discovery, Jerry C. Von Sternberg appeared on Kumar's behalf and stated that he would file a notice of appearance. No such appearance has been filed. Accordingly, Kumar is still proceeding pro se.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Legal conclusions, however, are not entitled to the same presumption of truth. *Iqbal*, 556 U.S. at 680. Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

**ANALYSIS**

The entirety of Kumar's factual allegations against Panera are as follows:

23. On or about January 23, 2021, as usual, Plaintiff dined at the Panera Bread location at 13704 Northwest Freeway in Harris County, Houston, Texas.

24. Specifically, each time the Plaintiff orders soup from this location he inquires if it is made with any chicken broth or meat is added to the broccoli-cheddar soup. Each time the answer is an emphatic and resounding, "No[."]

25. Moreover, Plaintiff also asks the merchant if the soup is made fresh dialy [sic]. Each time the answer is an emphatic and resounding, "Yes[."]

> 26. The truth of the matter is that this contention is false and patrons of Panera Bread are being fraduantly [sic] induced into purchasing their products.

Dkt. 18 at 5.

**A.     Kumar Fails to State a Claim for Negligence or Gross Negligence**

Negligence is the failure to use ordinary or due care—the failure to act as reasonably prudent person would have acted under the same or similar circumstances. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008). Negligence requires "a legally cognizable duty recognized (by statute or common law) before actions should be analyzed under the reasonably prudent person test." *In re Thrash*, 433 B.R. 585, 596 (Bankr. N.D. Tex. 2010). "To be entitled to damages for negligence, a party must plead and prove something more than mere economic harm." *Id.* (citing *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 453 (Tex. App.-Dallas 2002, no pet.).

Panera argues that Kumar "has *not identified any duty or breach of a duty* that resulted in the proximate cause of *any injury*." Dkt. 20 at 9. In response to Panera's "no duty" argument, Kumar responds with the following:

> Plaintiff's Amended Complaint clearly states "Defendant owed a duty to Plaintiff to act reasonably and perform their responsibilities in such a way as to protect patrons from injury." ¶6 This is a summary of the law of negligence in Texas. . . . Slightly restated, Panera had the duty to act as a reasonably prudent restaurant under the same or similar circumstances.

Dkt. 26 at 9. But this paragraph is simply a "formulaic recitation" of the legal concept of duty. *Twombly*, 550 U.S. at 555. More is required than simply restating the law of negligence. Kumar must *apply* that law to the *facts* of his allegations. Yet, Kumar does not identify any statutory or common law duty that applies to a restaurant under the facts that Kumar has alleged. Kumar's citations to other cases—including two involving Panera—are unavailing. I will address each case that Kumar cites in his discussion of "duty" to show why none establishes that Panera owed a duty to Kumar.

3

The duties that the defendant breached in *Cline v. Publix Super Markets, Inc.*, were a federal "requirement that sellers label certain products that contain major food allergens," and a Tennessee statutory "provision that obligates a manufacturer or seller of a product to warn consumers about unreasonably dangerous products." No. 3:15-0275, 2015 WL 3650389, at *4 (M.D. Tenn. June 11, 2015). The case of *Brown v. McDonald's Corp.*, 655 N.E.2d 440 (Ohio Ct. App. 1995), similarly dealt with an allergen—specifically, carrageenan. Likewise, the case of *Roome v. Shop-Rite Supermarkets, Inc.*, No. CV020281250, 2006 WL 2556572 (Conn. Super. Ct. Aug. 16, 2006), dealt with the failure to disclose nuts as an ingredient. Each of these cases focuses "on whether . . . the product contained an ingredient to which a substantial number of the population are allergic." *Cline*, 2015 WL 3650389, at *9. But Kumar does not allege in the Amended Complaint that Panera failed to label or disclose an allergen,[2] or that its broccoli-cheddar soup is unreasonably dangerous. Thus, none of these cases establishes that Panera owed Kumar a duty.[3]

Kumar next cites to the cases of *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), and *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453 (S.D.N.Y. 2020), which are false advertising cases in which manufacturers were alleged to have materially misled consumers by representing that there was *more* of a particular ingredient in a product than there actually was. *See Mantikas*, 910 F.3d at 638–39 (finding "that the conspicuous 'WHOLE GRAIN' and 'MADE WITH WHOLE GRAIN' claims on the front and center of the Defendant's packaging communicates to the reasonable consumer the false message that the grain content of the crackers is exclusively, or at least predominately whole grain; that this false

---

[2] In his response, Kumar argues "that there are consumers who can have a dangerous allergic reaction to chicken components." Dkt. 26 at 12. That is a true statement, but it has no relevance here because Kumar does not allege that *he* is allergic to chicken components or that he suffered an allergic reaction from Panera's broccoli-cheddar soup.

[3] Though not a case concerning allergens, the case of *Emery v. Federated Foods, Inc.*, 863 P.2d 426 (Mont. 1993), is similarly inapposite. In *Emery*, the manufacturer failed to warn "regarding the potential danger of aspiration of marshmallows." *Id.* at 432.

message is not dispelled by the information that each cracker is 'MADE WITH 8G [OR 5G] G OF WHOLE GRAIN PER SERVING,' which fails to communicate that the quantity of enriched white flour exceeds the quantity of whole grain; and that the misleading quality of the message is not effectively cured by implicitly disclosing the predominance of enriched white flour in small print on an ingredients list on the side of the package"); *Izquierdo*, 450 F. Supp. 3d at 461–62 (finding "that Plaintiff has plausibly alleged that a reasonable consumer is likely to be misled into believing that [Panera's] Bagel's blueberry content consists solely of real blueberries, when in fact the Bagel contains primarily imitation blueberries with a lesser quantity of real blueberries"). Neither of these cases dealt with negligence or even discussed "duty." Accordingly, neither establishes that Panera owed Kumar a duty.

Kumar then cites to *Sally v. Panera Bread Co.*, 552 F. Supp. 3d 846 (E.D. Mo. 2021), for the proposition that "Panera itself has been held potentially liable for claiming its restaurants are free of all 'artificial preservatives, sweeteners, flavors, or colors from artificial sources,' while its food actually contains preservatives." Dkt. 26 at 9–10. This is a *gross* misrepresentation of *Sally*. *Sally* dealt with the propriety of removal to federal court and did not reach the merits of the case at all. *See* 552 F. Supp. 3d at 853 (granting remand for lack of subject matter jurisdiction). *Sally* has no applicability here and certainly does not stand for the proposition that Panera owed a duty to Kumar under the facts he alleges.

Kumar next tries to find a duty in the Texas Health and Safety Code, arguing that "[i]t is against Texas law to advertise food if the advertisement is 'false or misleading in any particular.'" Dkt. 26 at 12 (citing TEX. HEALTH & SAFETY CODE § 431.182(a)). That is indeed what the Texas Health and Safety Code says, but it also says this:

> If an article is alleged to be misbranded because the labeling or advertising is misleading, then in determining whether the labeling or advertising is misleading, there shall be taken into account, among other things, not only representations made or suggested by

5

> statement, word, design, device, sound, or any combination of these, but also the extent to which the labeling or advertising fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the article to which the labeling or advertising relates under the conditions of use prescribed in the labeling or advertising thereof, or under such conditions of use as are customary or usual.

TEX. HEALTH & SAFETY CODE ANN. § 431.003. But Kumar does not even attempt to engage in this type of accounting. Rather, Kumar just advances conclusory allegations that "Panera knows or should know or should have known that there are millions of vegetarians who would not consume the soup if they knew chicken was an ingredient," and that "Panera should also know that there are devout Hindus for whom consuming the chicken ingredient would make them feel 'poisoned.'" Dkt. 26 at 10. Yet, Kumar never explains why Panera should know these things, nor does he cite to any statute or case law that establishes that such knowledge is reasonable, or that it gives rise to any duty.

Tellingly, the most analogous case to which Kumar cites—*Gupta v. Asha Enters., L.L.C.*, 27 A.3d 953 (N.J. Super. Ct. App. Div. 2011)—reveals the weakness of his claims. In *Gupta*, Hindu vegetarian customers sued an Indian restaurant for negligent infliction of emotional distress, consumer fraud, products liability, and breach of express and implied warranties after ordering vegetarian samosas but receiving and mistakenly consuming meat-filled samosas. The court affirmed dismissal of plaintiffs' negligence claims because they could not establish bodily injury to themselves or "to one with whom the bystander shared a marital or intimate family relationship." *Gupta*, 27 A.3d at 962.

Similarly, Kumar does not state how he has *physically* suffered from Panera's alleged misrepresentation. Unlike the plaintiffs in *Cline*, *Brown*, or *Roome*—who suffered anaphylaxis and either died, nearly died, or required emergency medical care—the only damage that Kumar alleges appears to be psychological. *See* Dkt. 18 at 8 ("Plaintiff has had to undergo extensive psychological and medical examination."); *id.* ("Plaintiff's medical and

6

psychological damages are continuing at this time.").⁴ This is important because, like New Jersey, Texas "does not recognize a general legal duty to avoid negligently inflicting mental anguish." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). The four exceptions to this rule are where:

> [T]here is: (a) ***intent or malice*** on the part of the defendant; (b) ***serious bodily injury*** to the plaintiff; (c) a "***special relationship***" between plaintiff and defendant; or (d) a case involving injuries of such a ***shocking and disturbing*** nature that mental anguish is a highly foreseeable result, such as wrongful death cases and actions by bystanders for a close family member's serious injury.

*In re Thrash*, 433 B.R. at 599 (citing *Likes*, 962 S.W.2d at 498–98). But Kumar does not allege intentional or malicious behavior, bodily injury, or a special relationship; and he is not bringing a bystander claim. Accordingly, even if Kumar had adequately alleged duty (which, to be clear, he has not), "there is a more significant reason that the negligence claim fails as a matter of law"—Kumar has alleged no "damages suffered ***other than alleged economic harm and mental anguish/anxiety***." *Id.* at 598. For these reasons, Kumar fails to state a claim for negligence or gross negligence.⁵

---

⁴ Kumar also alleges that he "*feels* that he has been 'poisoned.'" Dkt. 18 at 10 (emphasis added). But *feeling* like you have been poisoned and being actually, physically poisoned, are two very different things. Kumar does not allege that he was physically poisoned.

⁵ "To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence . . . claim and demonstrate two [additional] elements by clear and convincing evidence." *Castro v. Wal-Mart Real Estate Bus. Tr.*, No. SA-21-CV-00702, 2022 WL 17544339, at *7 (W.D. Tex. Dec. 8, 2022). Because Kumar has not alleged a legally cognizable duty or injury that would support a negligence claim, he cannot establish *gross* negligence. But even if Kumar had adequately alleged ordinary negligence, he certainly has not put forth allegations showing that Panera's omission "involved an extreme degree of risk" or that Panera "had *actual, subjective* awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id.* Repeatedly writing and underlining the word "grossly" does not give rise to a claim for gross negligence. *See* Dkt. 18 at 8–9. Nor does the mere publication of the words "extreme" and "outrageous." *See id.* at 8. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B.     Kumar Fails to State a Claim Under the Texas DTPA**

Kumar also brings a claim against Panera under the Texas Deceptive Trade Practices Act ("DTPA"). "It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (cleaned up). Rule 9(b) requires that fraud be pleaded "with particularity." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, *as well as the identity of the person making the misrepresentation* and what he obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (emphasis added). Kumar "fails to identify the name of the speaker." *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 479 (E.D. Tex. 2021) (dismissing DTPA claims for misrepresentation where plaintiff failed to allege, *inter alia*, the identity of the speaker of the alleged misrepresentation). Moreover, Kumar has not "provided any explanation as to why the [identity of the speaker] is not within his knowledge." *Id*. This is particularly relevant given that Kumar apparently "went into his local Panera Bread . . . on a regular basis" and would therefore be expected to know the identity of the person who allegedly misled him. Dkt. 26 at 3. Thus, Kumar fails to plead fraud with particularity, which is fatal to his DTPA claim.

**C.     Kumar Fails to State a Claim for Intentional Infliction of Emotional Distress**

Lastly, Kumar brings a claim against Panera for intentional infliction of emotional distress. The Texas Supreme Court has held that "the tort of intentional infliction of emotional distress is available only in those situations in which severe emotional distress is the intended consequence or primary risk of the actor's conduct." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 67 (Tex. 1998). Kumar does not allege that Panera *intended* to cause him severe emotional

8

distress.[6] According to Kumar, Panera's intent was for him to purchase its product. *See* Dkt. 18 at 5. Nor can Kumar allege that severe emotional distress is the primary risk of Panera's conduct because, as Kumar himself acknowledges, the primary risk of failing to disclose that a product has meat, or a meat byproduct, is the life-threatening *physical* threat to "all those allergy sufferers who could suffer anaphylaxis." Dkt. 26 at 15. I cannot say it any better than the Texas Supreme Court already has:

> In the present case, [Panera]'s conduct, even if reckless, involved a primary risk of physical injury or death. To the extent it also involved a risk that others would suffer only emotional distress, Texas permits recovery under the limitations imposed by courts for public policy reasons, such as bystander recovery. [I], therefore, hold that [Kumar] may not recover under an intentional infliction of emotional distress theory because emotional distress was not the intended or primary consequence of [Panera]'s conduct.

*Standard Fruit & Vegetable*, 985 S.W.2d at 68.

## CONCLUSION

For all these reasons, Panera's Motion to Dismiss (*see* Dkt. 20) is **GRANTED**. Kumar's claims against Panera are **DISMISSED WITH PREJUDICE**. I will enter a separate final judgment.

The pending Motion for Summary Judgment (Dkt. 25), Motion for Reconsideration (Dkt. 27), and Motion for Extension of Time to Reply (Dkt. 28) are **DENIED AS MOOT**.

SIGNED this 6th day of April 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[6] Again, stating that Panera's conduct "was intentional and reckless" and "outrageous" (Dkt. 18 at 10) is just a "formulaic recitation of the elements of a cause of action [that] will not do." *Twombly*, 550 U.S. at 555.