Case 4:21-cv-03779   Document 67   Filed on 09/24/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELVA KUMAR, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-03779 |
| PANERA BREAD COMPANY, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Defendant Panera Bread Company ("Panera") has two motions pending before me. The first is Panera's Motion to Dismiss the claims brought against it by Plaintiff Selva Kumar ("Kumar"). *See* Dkt. 57. The second is a Motion for Reconsideration of Panera's Motion for Summary Judgment. *See* Dkt. 58. For the reasons explained below, I **DENY IN PART** and **GRANT IN PART** Panera's Motion to Dismiss, and **DENY** Panera's Motion for Reconsideration.

## BACKGROUND

On April 6, 2023, I issued an Opinion and Order dismissing Kumar's negligence, gross negligence, intentional infliction of emotional distress, and Texas Deceptive Trade Practices Act ("DTPA") claims against Panera for failure to state a claim. *See* Dkt. 39. Kumar, proceeding without an attorney, appealed that decision to the Fifth Circuit, which affirmed in part, vacated in part, and remanded. Specifically, the Fifth Circuit affirmed my dismissal of Kumar's negligence and gross negligence claims, and found that Kumar had abandoned his intentional infliction of emotional distress claim against Panera. *See Kumar v. Panera Bread Co.*, No. 23-20178, 2024 WL 1216562, at *4 (5th Cir. Mar. 21, 2024). The Fifth Circuit vacated, however, my dismissal of Kumar's DTPA claim, remanding the case with instructions that Kumar "should be permitted to have his new attorney come in and amend his DTPA claim." *Id*.

For more than three months after the Fifth Circuit issued its decision—including a one-month extension—Kumar was unable to secure new counsel. *See* Dkt. 54 at 2–3 (affording Kumar an additional month to secure new counsel after Kumar waited more than seven weeks to reach out to the two attorneys who previously agreed to represent him in this matter). Kumar remains pro se.

On June 24, 2024, Kumar timely filed his second amended complaint, in which he purports to bring five claims: (1) "negligence misrepresentation of services in violation of DTPA"; (2) "false, misleading, or deceptive acts or practices in violation of DTPA"; (3) "breach of warranty"; (4) "misrepresentation (on ingredients)"; and (5) "misrepresentation (on preparation methods)." Dkt. 55 at 9–19 (removed capitalization). Panera has moved to dismiss all of Kumar's claims, arguing that 1) Kumar fails to state a DTPA claim and 2) the Fifth Circuit's March 21, 2024 decision forecloses all other claims. *See* Dkt. 57.

## PANERA'S MOTION TO DISMISS

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Legal conclusions, however, are not entitled to the same presumption of truth. *Iqbal*, 556 U.S. at 680.

Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

**B.     KUMAR STATES A DTPA CLAIM.**

The DTPA provides, in relevant part:

A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

>    (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is . . . (A) specifically enumerated in [§ 17.46(b)] . . . and (B) relied on by a consumer to the consumer's detriment;
>
>    (2) breach of an express or implied warranty; [or]
>
>    (3) any unconscionable action or course of action by any person.

TEX. BUS. & COM. CODE ANN. § 17.50(a). Construing Kumar's pleading liberally, Kumar purports to bring a claim under each of these three subsections. Panera, however, addresses only the first subsection covering false, misleading, or deceptive acts. I will address Kumar's possible claims under each of these subsections in turn.

### 1.     *Kumar States a DTPA Claim for False, Misleading, or Deceptive Acts.*

Kumar claims that Panera "falsely and fraudulently misled [him] by the statements of its employees regarding the meal ingredients and freshness of [Panera's] products" in violation of the DTPA. Dkt. 55 at 13. Such a claim has three elements: "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages." *In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013) (quotation omitted). Panera contends that Kumar's DTPA claim for false, misleading, or deceptive acts fails as to the second and third elements. I disagree.

3

### a. Kumar alleges a violation of § 17.46(b)(5).

As for the second element, Kumar alleges that "on January 23, 2021, at 4:00:57 PM with Order Number 206021 at Panera Bread Cafe #202501 . . . located at 13704 Northwest Fwy, Houston, TX 77040," Panera, "through [its] associate Ashley, represented to [Kumar] that the broccoli cheddar soup did not contain chicken broth or meat and that it was made fresh daily." Dkt. 55 at 6, 10. Kumar contends that representation was false. *See id.* Through these allegations, Kumar has alleged, in relevant part, that Panera is guilty of "representing that goods . . . have . . . characteristics, ingredients, uses, benefits, or quantities which they do not have." TEX. BUS. & COM. CODE ANN. § 17.46(b)(5). Kumar has alleged who (Ashley) made the allegedly false representation, what the allegedly false representation was (that the soup is free of meat and made fresh), when the representation was made (January 23, 2021 at 4:00:57 PM), and where the representation was made (Cafe #202501). This is enough at the pleading stage to satisfy the second element of a DTPA claim.

It is also enough to satisfy Rule 9(b)'s requirement that fraud be pleaded "with particularity." FED. R. CIV. P. 9(b). "It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (cleaned up). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, *as well as the identity of the person making the misrepresentation* and what he obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (emphasis added). Kumar has alleged all of the above.

### b. Kumar alleges detrimental reliance.

Panera next contends that "Kumar never explained his 'detrimental reliance' on any specific act or omission of Panera, and he failed to plead sufficient facts that any DTPA violation by Panera was a 'producing cause' of his damages." Dkt. 57 at 14. Yet, "liberally construing" Kumar's complaint, as I must, "he does plead the

4

third element of a DTPA claim: that Panera's actions caused his alleged injury." *Kumar*, 2024 WL 1216562, at *4. According to Kumar, Panera's employee, Ashley, falsely represented to Kumar that Panera's broccoli cheddar soup was free of meat. *See* Dkt. 55 at 6. Kumar relied on that statement in purchasing the soup. *See id*. at 26. After learning that the soup he consumed contained meat, Kumar "struggled to sleep well" and "experienced sleep disturbances, increased alcohol consumption due to mental anguish, and symptoms such as headaches, fever, and vomiting for several days." *Id.* at 7. This is enough at the pleading stage to satisfy the third prong of a DTPA claim. *See Danny Darby Real Estate, Inc. v. Jacobs*, 760 S.W.2d 711, 716 (Tex. App.—Dallas 1988, writ denied) ("[A]bsent [Panera]'s incorrect representations that [its broccoli cheddar soup was free of meat and made fresh daily, Kumar] would not have . . . purchase[d] the [soup].").

* * *

Panera's Motion to Dismiss is denied as to Kumar's DTPA claim because, at a minimum, Kumar has stated a claim under § 17.50(a)(1) for Panera's alleged violation of § 17.46(b)(5). But Kumar has also stated a claim under § 17.50(a)(2).

2. ***Kumar States a Claim for Breach of Warranty Under the DTPA and the Uniform Commercial Code ("UCC").***

In his second amended complaint, Kumar asserts a breach of warranty claim against Panera. *See* Dkt. 55 at 16–17. To state a breach of warranty claim under the DTPA, Kumar must allege: "(1) consumer status, (2) existence of the warranty, (3) breach of the warranty, and (4) the breach was a producing cause of damages." *Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (cleaned up). "Yet, the DTPA does not define or create any warranties. . . . Warranties actionable under the DTPA, both express and implied, must first be recognized by common law or created by statute." *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex. 1995)).

5

Texas has adopted the UCC, which provides that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods[1] and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." TEX. BUS. & COM. CODE ANN. § 2.313(a)(1).

> The elements of a cause of action for breach of express warranty are (1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury.

*Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814 (S.D. Tex. 2013). These elements mirror the requirements to state a DTPA claim for breach of warranty.

Here, Ashley's alleged assurance that the soup did not contain meat had "the specificity of an affirmation of fact upon which a warranty could be predicated." *Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 463 (Tex. App.—Dallas 1990), writ denied, 800 S.W.2d 853 (Tex. 1991). Kumar allegedly relied on Ashley's assurance that the soup was meat-free in purchasing the soup. Contrary to that warranty, the soup did contain meat, and Kumar suffered "physical allergic reactions, emotional distress, and mental anguish" as a result of having inadvertently consumed meat after relying on Ashley's assurances. Dkt. 55 at 17. This is enough, at the pleading stage, to state a claim for breach of warranty under the DTPA and the UCC.[2] Kumar cannot, however, state a claim for unconscionable actions.

---

[1] "The subject of the transaction, [Panera]'s food, falls under the UCC's broad definition of goods." *McMahon v. Chipotle Mexican Grill, Inc.*, No. 2:20-cv-1448, 2024 WL 1932319, at *3 (W.D. Pa. May 1, 2024) (citing the Pennsylvania UCC's definition of "goods," 13 PA. STAT. & CONS. STAT. ANN. § 2105(a), which is identical to the Texas UCC definition, TEX. BUS. & COM. CODE ANN. § 2.105(a)).

[2] "Texas law does not permit double recovery." *Parkway Co.*, 901 S.W.2d at 441. The DTPA affords Kumar "greater recovery" than the UCC would. *Id.* Thus, as discussed below, Kumar's ability to state a claim for breach of warranty under the UCC is relevant only to Kumar's claim for mental anguish damages under the DTPA.

### *3.    Kumar Fails to State a DTPA Claim for Unconscionable Actions.*

Because Kumar mentions "unconscionable conduct" several times in his complaint, I will examine whether he can state a DTPA claim for unconscionable conduct under § 17.50(a)(3). The DTPA defines an unconscionable action as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5). "The term 'gross' should be given its ordinary meaning, and therefore, the resulting unfairness must be glaringly noticeable, flagrant, complete and unmitigated." *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 623 (Tex. App.—Fort Worth 2017, pet. denied) (quotation omitted). "Case law uniformly holds . . . [that] the unconscionable-act-or-course-of-action element of a DTPA section 17.50 unconscionability claim requires proof of each consumer's knowledge, ability, experience, or capacity." *Id.* at 624. With this standard in mind, I turn to Kumar's allegations.

Kumar alleges that he is an "Associate Consultant (IT/Finance Project Manager) for fortune 500 corporate clients." Dkt. 55 at 3. Kumar also alleges that "[w]ithin [a] few hours, . . . [he] learned that the soup contains meat ingredients." *Id.* at 6. Kumar attaches to his complaint screenshots of Panera's website, which show that a "Detailed Ingredients" list reflects that the soup contains chicken and chicken byproducts. *Id.* at 32. It is difficult to fathom how a cashier at Panera "took advantage" of a working professional with the ability to access the internet and view an ingredient list. Yet, Kumar alleges that Panera "engaged in an unconscionable action or course of action that took advantage of the lack of knowledge, ability, experience, or capacity to a grossly unfair degree." Dkt. 55 at 11, 13. But this is all that Kumar says as far as unconscionability is concerned. Such a conclusory statement is precisely the type of allegation that should be disregarded when evaluating pleadings—even pleadings by a pro se litigant. *See*

7

*Chhim*, 836 F.3d at 469. Thus, Kumar has not stated a DTPA claim against Panera for unconscionable actions.

C. THE LAW-OF-THE-CASE DOCTRINE FORECLOSES KUMAR'S TORT CLAIMS, BUT NOT MENTAL ANGUISH DAMAGES.

Panera next argues that "Kumar's other claims fail under the law-of-the-case doctrine and the Fifth Circuit's mandate." Dkt. 57 at 15 (capitalization removed). Panera is correct that Kumar's negligence, gross negligence, and intentional infliction of emotional distress claims are barred by the law-of-the-case doctrine. The Fifth Circuit expressly affirmed my dismissal of Kumar's negligence and gross negligence claims. *See Kumar*, 2024 WL 1216562, at *3 ("Accordingly, we conclude that the district court did not err in dismissing Kumar's claims for simple and gross negligence."). As for Kumar's intentional infliction of emotional distress claim, the Fifth Circuit found that Kumar "expressly abandon[ed]" that claim. *Id.* at *4. Further litigation of such claims is indeed barred by the law-of-the-case doctrine. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("[A]n issue of law decided on appeal may not be reexamined by the district court on remand." (cleaned up)). Accordingly, Kumar can no longer prosecute these tort claims, and Panera's Motion to Dismiss is granted to the extent that Kumar attempts to reassert them.

On appeal, the Fifth Circuit observed that "Kumar may seek to pursue other types of 'emotional distress' claims, such as negligent infliction of emotional distress." *Kumar*, 2024 WL 1216562, at *4. The Texas Supreme Court, however, has held that negligent infliction of emotional distress is not a standalone claim; rather, "mental anguish damages should be compensated only in connection with defendant's breach of some other duty imposed by law." *Boyles v. Kerr*, 855 S.W.2d 593, 596 (Tex. 1993). This holding mirror's the DTPA's allowance for recovery of actual damages "without regard to whether the conduct of the defendant was committed intentionally" where "a claimant is granted the right to bring a cause of action . . . by another law." TEX. BUS. & COMM. CODE ANN.

8

§ 17.50(h). Thus, the question becomes whether Kumar has alleged Panera's breach of some other legal duty.

As discussed above, Kumar has alleged Panera's breach of an express warranty under the UCC. Because Kumar would be granted the right to bring a cause of action for breach of warranty under the UCC, Kumar may recover mental anguish damages on his DTPA claim without regard to whether Panera's conduct was intentional. *See* TEX. BUS. & COMM. CODE ANN. § 17.50(h); *see also Akin v. Bally Total Fitness Corp.*, No. 10-05-00280-CV, 2007 WL 475406, at *4 (Tex. App.—Waco Feb. 14, 2007, pet. abated) (holding that the DTPA did not bar plaintiff's claim for mental anguish damages where plaintiff pleaded damages resulting from the breach of an implied warranty). What remains to be seen, however, is whether Kumar can muster proof of his of DTPA claims and alleged damages.[3] The issue of proof brings me to Panera's Motion for Reconsideration.

### PANERA'S MOTION FOR RECONSIDERATION

I previously denied Panera's Motion for Summary Judgment (Dkt. 25) as moot when I granted Panera's Motion to Dismiss (Dkt. 20). *See* Dkt. 39. Panera asks me to reconsider its Motion for Summary Judgment because "Kumar cannot raise a genuine or material fact issue on essential elements of his alleged DTPA violation." Dkt. 58 at 2. Although Panera makes this argument in reference only to Kumar's DTPA claim, it applies with equal force to any claim Kumar could bring. "Kumar responded [to Panera's first motion for summary judgment] ***without attaching a single exhibit***." *Id.* Because Kumar offered no evidence whatsoever, any claim would fail.

---

[3] "[A]n award of mental anguish damages will survive a legal sufficiency challenge when the plaintiffs have introduced direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine." *Parkway Co.*, 901 S.W.2d at 444. Texas courts "apply traditional no-evidence standards to determine whether the record reveals any evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger to support any award of damages. Direct evidence may be in the form of the parties' own testimony, that of third parties, or that of experts." *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 579 (Tex. App.—Austin 2003, no pet.) (cleaned up).

I understand why Panera wants me to reconsider its Motion for Summary Judgment—the lack of any evidence from Kumar makes it an automatic grant. But Kumar is proceeding pro se, and "federal courts, [the Fifth Circuit] included, have a traditional disposition of leniency toward pro se litigants." *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (quotation omitted). Thus, I must consider the possibility that Kumar simply did not understand what was required to create a fact issue and survive what was, essentially, Panera's "no evidence" motion for summary judgment. In recognition of this possibility, I will recap what is required to defeat a motion for summary judgment.

At the motion to dismiss stage, I am required to accept Kumar's factual allegations as true. *See Alexander*, 848 F.3d at 701. But while Kumar's "well-drafted pleadings appropriately allege" DTPA claims, "[u]nsworn pleadings are not . . . competent summary judgment evidence." *Dorsett v. Bd. of Trs. for State Colls. & Univs.*, 940 F.2d 121, 124 (5th Cir. 1991). On summary judgment, even pro se litigants must come forward with more than an unsworn complaint to create a genuine issue of material fact. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials."); *Smith v. FTS USA/Unitek Glob. Serv.*, 676 F. App'x. 264, 266 (5th Cir. 2017) (affirming district court's grant of summary judgment to defendants where the plaintiff "failed to support his allegations with any evidence in the record, relying instead on his unsworn pleadings and materials"); *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 164 (5th Cir. 1991) (holding that "only evidence—not argument, not facts in the complaint—will satisfy [the non-movant's summary judgment] burden").

Because Kumar relied entirely on his unsworn pleadings in his summary judgment response, he failed to create a genuine dispute as to any fact. Curiously, Kumar submitted a notarized affidavit with his summary judgment response. *See*

10

Dkt. 30-1. Yet, Kumar failed to attest to any *relevant* facts in that affidavit. *See id*. Rather, Kumar detailed trouble with his previous counsel, and his difficulty in finding new counsel. Even so, "the circumstances of this case [reveal] no foul play, inexcusable neglect, or other valid basis to exclude from consideration the testimony [that Kumar might provide]," knowing now what is required to create a dispute of genuine fact. *Davis*, 798 F.3d at 294. The Fifth Circuit has held "that it would be an abuse of discretion to refuse to consider [such testimony]." *Id*. Accordingly, I will give Kumar a final opportunity—through new summary judgment briefing—to submit *evidence* that creates a genuine dispute of material fact as to one or more of his claims.

## CONCLUSION

For the reasons discussed above, Panera's Motion to Dismiss (Dkt. 57) is **DENIED** as to Kumar's DTPA claims, but **GRANTED** in all other respects.

Panera's Motion for Reconsideration of its Motion for Summary Judgment (Dkt. 58) is **DENIED**. Panera may file a new motion for summary judgment by Friday, October 25, 2024. Kumar's response to Panera's motion for summary judgment is due Friday, November 22, 2024. Panera may file a reply, if any, by Friday, December 6, 2024.

SIGNED this 24th day of September 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

11