United States District Court
Southern District of Texas

**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SELVA KUMAR, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-03779 |
| | § | |
| PANERA BREAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant Panera Bread Company's Motion for Rule 38 Damages. Dkt. 122. Plaintiff Selva Kumar, proceeding *pro se*, has failed to respond.

## BACKGROUND

This case is on remand from the Fifth Circuit. Kumar sued Panera for a myriad of state law causes of action arising out of his purchase of broccoli-cheddar soup. The case was set for a February 5, 2025 jury trial. Both parties appeared in the courtroom that morning. Right before the jury selection process began, Kumar asked to dismiss his claims against Panera without prejudice. Panera agreed. So, I dismissed the case. On February 7, 2025, Kumar appealed that dismissal. Panera asked the Fifth Circuit to dismiss the appeal as frivolous because Kumar sought to appeal a *voluntary* dismissal order. The Fifth Circuit dismissed the appeal. The Fifth Circuit also granted Panera's motion for damages and costs under Federal Rule of Appellate Procedure 38,[1] remanding this case "to the district court to assess damages under Rule 38." Dkt. 119 at 2.

Panera now asks me to assess $11,862.15 in damages against Kumar. According to Panera, this amount represents the reasonable and necessary

---

[1] Rule 38 authorizes the imposition of sanctions for a frivolous appeal.

attorneys' fees ($11,777.00) and costs ($85.15 for the trial transcript) Panera incurred between January 31, 2025 and May 31, 2025.

## LEGAL STANDARD

When calculating an attorneys' fee award, the district court should begin by calculating the lodestar. *See Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood County*, 621 F.3d 372, 379–80 (5th Cir. 2010). "There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502.

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in" *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black*, 732 F.3d at 502 (quotation omitted). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client(s) or the circumstances; (8) the amount of damages involved and the results (both monetary and equitable) obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, but the judge's discretion is not unlimited." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) (citation

modified). The party seeking attorneys' fees bears the burden of demonstrating the reasonableness of the fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A court abuses its discretion when it awards attorneys' fees without "a reasonably specific explanation for all aspects of a fee determination," including any adjustment to the lodestar. *Perdue*, 559 U.S. at 558.

## ANALYSIS

In support of its request for attorneys' fees, Panera has identified four lawyers who worked on this matter, their hourly rates, and the number of billable hours they worked between January 31, 2025 and May 31, 2025. Panera has also submitted the affidavit of Cassie J. Dallas, an attorney representing Panera, attesting to the reasonableness and necessity of the hourly rates, number of billable hours, and fees incurred. Finally, Panera has provided its billing records detailing the legal services provided by its counsel.

My only concern with Panera's fee request relates to the time frame for which fees are sought. Kumar appealed the dismissal of this case on February 7, 2025. Because the Fifth Circuit found Panera's appeal of that dismissal to be frivolous and ordered me to assess damages under Rule 38, Panera is unquestionably entitled to the reasonable and necessary attorneys' fees it incurred on or after February 7, 2025 in connection with that appeal. But Panera seeks a fee award dating back to January 31, 2025—5 days *before* the trial date and 7 days *before* Kumar appealed the dismissal of this case. I realize that Kumar filed two additional appellate proceedings before February 7, 2025.[2] The Fifth Circuit, however, never awarded Rule 38 damages in those appellate matters. The Fifth Circuit simply granted Panera's motion for damages and costs in connection with the appeal of my February 5, 2025 order of dismissal. Accordingly, I find that

---

[2] On February 3, 2025, Kumar filed a notice of appeal with the Fifth Circuit challenging two orders I issued denying his requests for a trial continuance. On February 4, 2025, Kumar filed a Petition for Writ of Mandamus, asking the Fifth Circuit for mandamus relief from those same two orders. Kumar ultimately withdrew both the notice of appeal and the Petition for Writ of Mandamus.

Panera is entitled to the reasonable and necessary attorneys' fees incurred in connection with the appeal Kumar filed on February 7, 2025, challenging my dismissal of this case. Based on the record before me, those reasonable, customary, and necessary attorneys' fees amount to $9,044.00. I see no reason why the lodestar should be adjusted. I also find that Panera's request for costs in the amount of $85.15 to purchase the trial transcript is reasonable.

## CONCLUSION

Panera Bread Company's Motion for Rule 38 Damages (Dkt. 122) is granted. Plaintiff Selva Kumar is ordered to pay Panera Bread Company damages in the amount of $9,129.15. This amount represents the reasonable and necessary fees ($9,044.00) and costs ($85.15) incurred by Panera in connection with the appeal of my February 5, 2025 order dismissing this case.

SIGNED this 7ᵗʰ day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE